Matthews *v.* Fiestel.

---

### Owen Matthews *v.* Anthony Fiestel and wife.

A husband and wife are properly joined as defendants in an action for a tortious injury of personal property, although committed as her sole act, without the command or assent of the husband, and not in his presence.

It is not lawful for the owner of land to kill domestic animals found trespassing thereon; and if he does so, he will be liable in an action for their value.

It is not error for a justice of one of the District Courts to deny a motion for an adjournment, applied for during the progress of the trial, for the purpose of procuring the attendance of an absent witness.

Matthews *v.* Fiestel.

A notice of an intent to examine an assignor as a witness is not required, except where he is to testify *against* an *assignee*, or an executor or administrator. (*a*)

Where the return of a justice, on appeal, failed to show in what manner he had disposed of a material question touching the admissibility of evidence, the case was ordered to stand over for a further return, upon the coming in of which a final decision was rendered.

THE plaintiff brought his action in the Sixth District Court, against the defendants jointly, for the value of certain geese, part of which were owned by him and part by one Duffy. The geese had been accustomed to stray upon lands occupied as the defendants' residence, in the upper part of the island of New-York, and were poisoned by the wife, without the husband's knowledge, during his absence from home.

The plaintiff recovered judgment simply for the loss originally sustained by him, although he also claimed as assignee of Duffy's right of action.

Other material facts appear in the opinion. The appeal was prosecuted in behalf of the plaintiff.

*A. Nash,* for the appellant.

*C. W. Van Voorhis,* for the respondent.

BY THE COURT. WOODRUFF, J.—The plaintiff herein proved that his geese were destroyed by poison, by the sole act of the defendant's wife. In such case it was proper to join husband and wife as defendants.

And we have no doubt the action may be sustained for such an act. Although the geese were trespassing, that did not warrant their willful destruction.

We think the justice committed no error in refusing to adjourn while the trial was in progress. If the defendant deemed the absence of his witness a sufficient reason for a postponement, he should have sought such adjournment at an earlier stage. We think, however, that he should· have

---

(*a*) See *Farley* v. *Flanagan,* 1 E. D. Smith's C. P. R. 313; and note *a,* Id. See, also, particularly, to the same effect, the opinion of DENIO, J., in *Vassear* v. *Livingston,* decided in the Court of Appeals, reported in 3 Kernan, 252.

Matthews *v.* Fiestel.

subpœnaed the witness himself, or examined her when she was present; and, besides, no proof was offered of the materiality of her testimony.

In regard to the admissibility of Duffy and wife as witnesses, we have no doubt. There is no necessity of giving notice of an intent to examine an assignor as a witness, except where he is offered to testify *against* an *assignee*, or an executor or administrator. Besides, unless the court below gave judgment for the killing of Duffy's geese, the objection has no application to the case, for if the assigned claim be laid out of view, Duffy did not hold the relation of assignor to the claim for which judgment was rendered.

Finally, it is objected that the plaintiff could not recover for the injury sustained by the killing of *Duffy's* geese, because a claim for damages, for a mere tort, is not assignable. It is not necessary now to consider that question, nor how far such an equitable interest may be vested in the assignee of such a claim, as under our Code may be sufficient to entitle him to maintain an action.

The defendants objected on the trial to any recovery for Duffy's geese, upon that ground, and the justice reserved the objection for further consideration. It does not distinctly appear, by the return, in what manner this objection was finally disposed of. No decision upon the point is stated in the return; but we think, that considering the evidence of the value of the geese, the justice must have excluded Duffy's geese when he fixed the amount of damages, it appearing that a large number of geese belonging to the *plaintiff* were killed, and the evidence plainly warranting a valuation of $1 00 each. But as the return is, in this respect, defective, the case must stand over for a further return.

Ordered accordingly.

In May general term, the appeal was finally determined, as follows:

By THE COURT. WOODRUFF, J.—This case comes before us again, at the present term, upon the further return of the

justice, and it appears thereby, that the objection of the defendant, that the claim of Duffy for the killing of geese belonging to him could not be assigned, was sustained by the justice, and that the judgment was render for the killing of the geese which were the property of the plaintiff. This return removes from the case the only grounds of appeal which were not disposed of by the opinion delivered at the March term.

The judgment must be affirmed, with costs.